**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** Madison
-----------------------------------------------------------------X
Jeremy Reynolds

                    Plaintiff/Petitioner,

    - against -                               Index No. EF2019-1143

Village of Chittenango, et al.

                      Defendant/Respondent.
-----------------------------------------------------------------X

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

If you choose to participate in e-filing, you **must** have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

The **benefits of participating in e-filing** include:

      - serving and filing your documents electronically

      - free access to view and print your e-filed documents

      - limiting your number of trips to the courthouse

      - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

### Information for Attorneys
### (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 2/22/2019

A.J. Bosman, Esq.
Name

Bosman Law, LLC
Firm Name

201 W. Court Street, Rome, NY 13440
Address

315-336-9130
Phone

aj@bosmanlawfirm.com
E-Mail

To: Village of Chittenango, et al.

6/6/18

STATE OF NEW YORK SUPREME COURT
COUNTY OF MADISON

---

JEREMY REYNOLDS,

        Plaintiff,

v.

VILLAGE OF CHITTENANGO; WAYNE HORNING,
MAYOR & TRUSTEE; COLLEEN BALDWIN, TRUSTEE;
ELIZABETH BOUGH-MARTIN, DEPUTY MAYOR &
TRUSTEE; MICKEY KOPP, MAYOR & TRUSTEE;
MICHAEL KEVILLE, MAYOR; CHITTENANGO POLICE
CHIEF FRED COREY JR.; GEORGE MILLET, CORPORAL;
CASSANDRA CIMPI; JOHN DOES, in their individual
and official capacities,

        Defendants.

**SUMMONS**

Plaintiff designates Madison
County as the place of trial.

---

TO THE ABOVE-NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your answer on Plaintiff's attorney within twenty (20) days after service of this Summons, exclusive of the day of service, or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

    Venue is based on CPLR § 504(2).

Dated: February 7, 2019
       Rome, New York

                              A.J. Bosman, Esq.
                              Bosman Law Firm, L.L.C.
                              *Attorneys for Plaintiff*
                              Office and Post Office Address:
                              201 W. Court Street
                              Rome, New York 13440
                              Tel. (315) 336-9130

FILED: MADISON COUNTY CLERK 02/07/2019 06:45 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2019-1143
RECEIVED NYSCEF: 02/07/2019

STATE OF NEW YORK SUPREME COURT
COUNTY OF MADISON

---

JEREMY REYNOLDS,

        Plaintiff,

v.

VILLAGE OF CHITTENANGO; WAYNE HORNING,
MAYOR & TRUSTEE; COLLEEN BALDWIN, TRUSTEE;
ELIZABETH BOUGH-MARTIN, DEPUTY MAYOR &
TRUSTEE; MICKEY KOPP, MAYOR & TRUSTEE;
MICHAEL KEVILLE, MAYOR; CHITTENANGO POLICE
CHIEF FRED COREY JR.; GEORGE MILLET, CORPORAL;
CASSANDRA CIMPI; JOHN DOES, in their individual
and official capacities,

        Defendants.

**COMPLAINT**

Jury Trial Demanded

---

Plaintiff, JEREMY REYNOLDS, through his attorneys, A.J. Bosman, Esq., Bosman Law Firm, LLC, 201 W. Court Street, Rome, NY 13440, as and for a Complaint herein, alleges as follows:

## INTRODUCTION

1. At all times relevant hereto, Plaintiff Jeremy Reynolds was employed as a police officer for the Village of Chittenango and was subjected to breach of contract, negligence, and retaliation for protected speech under the New York State and U.S. Constitutions including, but not limited to, his complaints of workplace safety and health violations concerning exhaust leaks in police vehicles; defamation; tortious interference with contract/prospective advantage, *prima facie* tort, and unlawful and wrongful termination. Plaintiff was also subjected to intentional and wrongful conduct by those Defendants herein who sought to intentionally coerce Plaintiff to

1

resign his position and forego his lawful rights or face false and contrived criminal arrest and charges.

2. The named Defendants herein are the VILLAGE OF CHITTENANGO; WAYNE HORNING, MAYOR & TRUSTEE; COLLEEN BALDWIN, TRUSTEE; ELIZABETH BOUGH-MARTIN, DEPUTY MAYOR & TRUSTEE; MICKEY KOPP, MAYOR & TRUSTEE; MICHAEL KEVILLE, MAYOR; CHITTENANGO POLICE CHIEF FRED COREY JR.; GEORGE MILLET, CORPORAL; CASSANDRA CIMPI; JOHN DOES, in their individual and official capacities. Plaintiff alleges that each of the Defendants herein owed him a duty of care and breached that duty not to inflict injury and harm and to abide by the laws and regulations of the United States, the State of New York, the County of Madison, and the Village of Chittenango. The Village of Chittenango is a municipal corporation organized and existing under the laws of the State of New York and at all relevant times had its principal place of business at 222 Genesee St., Chittenango, NY 13037.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court pursuant to the Constitution and laws of the State of New York and the United States. Venue is proper in Madison County pursuant to CPLR 504(2).

## FACTS

4. Plaintiff's injuries and harm were caused by the actions of agents of the Defendant Village of Chittenango, and others unknown to Plaintiff at this time who acted at the behest of or in concert with the other named Defendants.

5. Plaintiff was duly employed as a sworn police officer by the Chittenango Police

2

Department since November 2013.

6. On July 24, 2017, Plaintiff commenced full time employment as a duly sworn police officer and completed his probationary term not later than January 24th, 2018, in accordance with Madison County Civil Service Law and Rules and/or the Madison County Police Department General Orders.

7. As a police officer, Plaintiff performed his duties satisfactorily and is entitled to all benefits and privileges and protections provided by the Constitution of the United States, the employment contract and collective bargaining agreement, General Orders, Madison County Civil Service Law and Rules, and New York State laws, and the Civil Service Law of the State of New York.

8. Defendants knew or should have known that the police vehicle assigned to Plaintiff was defective and subjected Plaintiff to noxious and/or toxic fumes during his patrol work. Despite Plaintiff repeatedly complaining and alerting Defendants to the defective condition of said vehicle, Defendants failed repeatedly to remedy or correct same, continuing to allow and/ or require Plaintiff and others to utilize said vehicle. Further, Defendants retaliated against Plaintiff for complaining and reporting the defective vehicle by subjecting him to undue scrutiny, threatening Plaintiff and/or terminating his employment.

9. Plaintiff was unlawfully terminated from his employment on February 9th, 2018 without cause or a hearing in spite of his entitlement to such process under law and contract. Further, Defendants threatened and attempted to coerce Plaintiff into waiving his legal rights under contract and under the law by stating, in sum and substance, that he would be subject to further harm to his good name and reputation and falsely charged with misdeeds and/or criminal

conduct if he did not resign his position or refrain from legal remedy as provided herein.

10. The Village of Chittenango and its agents were negligent in that they knew or should have known that the Police Department, Chief Corey terminated Plaintiff's employment unlawfully and without just cause, and each of the named Defendants herein failed to take steps to intervene, supervise, or otherwise instruct said individuals to cease and desist unlawful treatment of the Plaintiff. Defendants knew or should have known their conduct would cause Plaintiff harm.

11. Defendants Corey, Horning and Copp subjected Plaintiff to threats of false and malicious criminal prosecution and/or harm to his reputation if he did not resign and/or forego his civil and legal remedies for the conduct of the Defendants in seeking his termination and unlawfully terminating his employment. Additionally, Defendant Cimpi was aware of the unlawful actions of the other named Defendants and acted in concert or failed to intervene on Plaintiff's behalf.

12. Defendant(s) John Doe(s), whose identity is currently unknown to Plaintiff, knew or should have known of the unlawful activity of the Police Department and acted in concert and/or failed to act to prevent harm to Plaintiff with knowledge of the other Defendants' actions and conduct.

13. As a result of the unlawful acts of the Defendants, Plaintiff was injured and harmed and suffered financial loss, emotional distress, harm to reputation, deprivation of Plaintiff's rights under local and New York State Law, legal fees and costs.

14. On or about April 2018, a Notice of Claim was duly served upon the Defendants. At least 30 days has elapsed since service of such Notice of Claim and payment thereof

4

has been refused.

## AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO
## 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS
## (FIRST AMENDMENT)

15. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 14 above.

16. By engaging in the foregoing conduct, Defendants violated rights guaranteed to the Plaintiff under the First Amendment to the United States Constitution in that Plaintiff was retaliated against for exercising his free speech rights to oppose defective equipment and exposure to noxious and toxic fumes or his rights under the contract and laws of the State of New York and to petition the government for redress of grievances as guaranteed under the First Amendment.

17. With respect to the named municipal Defendants, the actions and omissions as aforementioned constitute municipal policy since they are the actions and omissions of final policy making officials of the Village of Chittenango. In addition, said municipal Defendants created, maintained and/or fostered a custom, policy or practice of retaliation thereby causing Plaintiff injury and harm. Finally, said municipal Defendants failed to adequately train officers and supervisors on the rights of employees to be free from retaliation, false arrest, denial of due process, or threats of same.

18. As aforementioned, Plaintiff has sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

## AS AND FOR A SECOND CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS
## (DUE PROCESS)

5

19. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 18 above.

20. Plaintiff maintained a property interest in continued employment with the Village of Chittenango. He also maintained a property and liberty interest in his good name and reputation.

21. Through their aforementioned actions and omissions, Defendants deprived the Plaintiff of his property and liberty interests in continued employment and good name and reputation without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

22. As aforementioned, Plaintiff has sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS VILLAGE OF CHITTENANGO AND COREY (BREACH OF CONTRACT)

23. Plaintiff re-alleges paragraphs 1 through 22 with the same force and effect as if fully set forth herein.

24. Plaintiff was a civil service employee and as such was protected by the contract in effect entered into by the Village of Chittenango with its police officers. Such contract requires good faith and fair dealing, bars the imposition of discipline without "just case" and compels the employer to provide due process in the form of, inter alia, notice and a hearing.

25. Plaintiff was unlawfully terminated from his employment on February 9th, 2018 without cause or a hearing in spite of his entitlement to such process.

26. Additionally, Defendant Corey and therefore Defendant Village of Chittenango made

FILED: MADISON COUNTY CLERK 02/07/2019 06:45 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2019-1143
RECEIVED NYSCEF: 02/07/2019

a promise to Plaintiff that his probationary period would be a period of 90 days. Defendants breached that agreement by treating and/or declaring Plaintiff to be probationary even after he served 90 days of service, and terminated his employment without cause or due process.

27. As aforementioned, Plaintiff has sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

## AS AND FOR THE FOURTH CAUSE OF ACTION FOR DEFAMATION AGAINST DEFENDANTS VILLAGE OF CHITTENANGO AND COREY

28. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 27 above.

29. Upon information and belief, Defendants communicated untrue statements about Plaintiff and his work performance, falsely representing that Plaintiff failed to perform in a satisfactory manner.

30. The statements are false and defamatory to the Plaintiff and were uttered with malice and ill will.

31. As a result, Plaintiff sustained damages as aforementioned and is entitled to compensation therefor.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS FOR INTENTIONAL AND/OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS COREY, HORNING AND COPP

32. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 31 above.

33. Defendants engaged in extreme and outrageous conduct as demonstrated by their actions set forth above in threatening Plaintiff using threats of criminal prosecution to

7

FILED: MADISON COUNTY CLERK 02/07/2019 06:45 PM
NYSCEF DOC. NO. 1
INDEX NO. EF2019-1143
RECEIVED NYSCEF: 02/07/2019

coerce Plaintiff.

34. Upon information and belief, Defendants intended to cause Plaintiff severe emotional distress. Alternatively, Defendants disregarded a substantial probability that their conduct would cause severe emotional distress.

35. As a direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiff has suffered severe emotional distress and is entitled to compensation therefor.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR TORTIOUS INTERFERENCE

36. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 35 above.

37. By their aforementioned actions and omissions, Defendants intentionally interfered with Plaintiff's employment with the Village of Chittenango and prospective employers.

38. As a result, Plaintiff sustained damages as aforementioned and is entitled to compensation thereof.

### AS AND FOR A SEVENTH CAUSE OF ACTION FOR *PRIMA FACIE* TORT AGAINST ALL DEFENDANTS

39. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 38 with the same force and effect as if set forth fully herein.

40. Defendants intended to inflict harm upon the pecuniary interests of the Plaintiff by engaging in the aforementioned actions and omissions.

41. Defendants had no justification or excuse to act in such manner and their actions and/or omissions were unlawful.

42. The aforesaid acts and/or omissions of Defendants were intended to cause harm and injury to the Plaintiff and that as a result Plaintiff has suffered damages, including, but not limited to, lost wages, benefits, retirement contributions, and other pecuniary damages and is entitled to recover for those injuries and damages as previously set forth herein.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants, jointly and severally, as follows:

(a) judgment awarding Plaintiff compensatory damages in an amount to be determined by the trier of fact;

(b) judgment awarding Plaintiff punitive damages in an amount to be determined by the trier of fact;

(c) injunctive relief restoring Plaintiff to his position and all attendant benefits and privileges; and

(d) interest on all amounts due;

(e) attorneys' fees under 42 U.S.C. Section 1988 and other applicable law;

(f) declaratory relief that the Defendants have violated the Plaintiff's rights under the law; and

(g) granting such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a jury trial of all claims herein.

Dated: February 7, 2019
Rome, New York

A.J. Bosman, Esq.
Bosman Law Firm, LLC
*Attorneys for Plaintiff*
201 W Court Street
Rome, NY 13440
Telephone: (315) 336-9130

## Statement of Service by Mail and
## Acknowledgment of Receipt by Mail of
## Summons and Complaint or Summons and Notice
## or Notice of Petition and Petition

### A. STATEMENT OF SERVICE BY MAIL

To:  Mr. Fred Corey
     c/o Village of Chittenango Police Department
     222 Genesee Street
     Chittenango, New York 13037

The enclosed summons and complaint, or summons and notice, or notice of petition and petition (strike out inapplicable terms) are served pursuant to section 312-a of the Civil Practice Law and Rules.

To avoid being charged with the expense of service upon you, you must sign, date and complete the acknowledgment part of this form and mail or deliver one copy of the completed form to the sender within thirty (30) days from the date you receive it. You should keep a copy for your records or your attorney. If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire.

If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) will be required to pay expenses incurred in serving the summons and complaint, or summons and notice, or notice of petition and petition in any other manner permitted by law, and the cost of such service as permitted by law will be entered as a judgment against you.

If you have received a complaint or petition with this statement, the return of this statement and acknowledgement does not relieve you of the necessity to answer the complaint or petition. The time to answer expires twenty (20) days after the day you mail or deliver this form to the sender. If you wish to consult with an attorney, you should do so as soon as possible before the twenty (20) days expire.

If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

It is a crime to forge a signature or to make a false entry on this

statement or on the acknowledgment.

### B. ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT OR SUMMONS AND NOTICE OR NOTICE OF PETITION AND PETITION

I received a summons and complaint, or summons and notice, or notice of petition and petition (strike out inapplicable terms) in the above-captioned matter at (insert address).

PLEASE CHECK ONE OF THE FOLLOWING;
IF 2 IS CHECKED, COMPLETE AS INDICATED:

    1. / / I am not in military service.
    2. / / I am in military service, and my rank and branch of service are as follows:

Rank:_____
Branch of Service:_____

            TO BE COMPLETED REGARDLESS OF MILITARY STATUS:
Date:_____
      (Date this Acknowledgment is executed)

        I affirm the above as true under penalty of perjury.

_____
Signature

_____
Print name

_____
Name of Defendant for which acting

_____
Position with Defendant for which acting (i.e., officer, attorney, etc.)

PLEASE COMPLETE ALL BLANKS INCLUDING DATES